IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SHIQI LIU,                                    )
                                              )
         Plaintiff,                           )
                                              )      CIVIL ACTION NO.
VS.                                           )
                                              )      3:24-CV-0298-G
U.S. DEPARTMENT OF HOMELAND                   )
SECURITY, ET AL.,                             )
                                              )
         Defendants.                          )

MEMORANDUM OPINION AND ORDER

Before the court is the defendants' motion to dismiss the plaintiff's second amended complaint (docket entry 23).  For the reasons set forth below, the motion is granted.

I. BACKGROUND

The plaintiff Shiqi Liu ("Liu") is a Chinese citizen.  Second Amended Complaint for Declaratory and Injunctive Relief Under the Administrative Procedure Act and Under the Fifth Amendment to the U.S. Constitution[1] ("Complaint")

---

[1] The plaintiff misnumbered the paragraphs of her complaint.  Compare, *e.g.*, Complaint at 10 (¶¶ 72-75) with Complaint at 11 (¶ 72, *et seq.*).  Therefore, the court references page numbers of the complaint.

(docket entry 22) at 3.  The defendants include (1) U.S. Department of Homeland Security ("DHS"), (2) Alejandro Mayorkas, Secretary of DHS, (3) Ur Mendoza Jaddou, Director of U.S. Citizenship and Immigration Services ("USCIS"), (4) Laura B. Zuchowski, Director of USCIS Vermont Service Center, and (5) the United States of America (collectively, "the defendants" or "the government").  *Id*. at 3-4.

In 2017, Liu hired Oxbridge Immigration, an immigration agency, to assist her with an employment-based green card application.  *Id*. at 5.  Oxbridge Immigration "represented that they would find a U.S. employer to sponsor Ms. Liu for permanent residence under the employment-based, third preference immigrant visa category ('EB-3 Green Card')."  *Id*.; see also *id*. at 6.  Oxbridge Immigration assigned "Attorney [Liyuan] Jiang" ("Jiang") to handle Liu's case.  *Id*. at 6.  Oxbridge Immigration eventually matched Liu with Ruifu Auto USA Inc. ("Ruifu Auto USA").  *Id*.  On behalf of Liu, Ruifu Auto USA, through Oxbridge Immigration, filed (1) one Form ETA-9089, Application for Permanent Employment Certification, with the U.S. Department of Labor ("DOL") in 2019 (certified on May 5, 2019), (2) one Form I-140, Immigrant Petition for Alien Worker, with USCIS in 2019 (approved on September 26, 2019), and (3) "at least two" Form I-485, Applications to Adjust Status, with USCIS (rejected due to improper filing on November 21, 2021, and July 11, 2022).  *Id*.

In February of 2022, Liu began working for Performance Architects, Inc. ("Performance Architects"). *Id*. at 5. In June of 2023, USCIS approved a Form I-129, Petition for a Nonimmigrant Worker, filed by Performance Architects on behalf of Liu. *See* Form I-797C, Notice of Action, *attached to* Complaint as Exhibit A. USCIS's decision entitled Liu to classification as an H-1B nonimmigrant worker with a validity period from June 16, 2023, to December 14, 2025, and allowed Liu to execute a visa application before a consular officer. *Id*.; Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support ("Motion") (docket entry 23) at 1-2.

On July 1, 2023, Liu submitted a Form DS-160, Nonimmigrant Visa Application,[2] to the U.S. Embassy in Beijing, seeking an H-1B visa, and on July 21, 2023, Liu attended a visa interview with a consular officer at the embassy. Complaint at 7. The consular officer refused Liu's application under Immigration and Nationality Act ("INA") § 221(g), 8 U.S.C. § 1201(g). Motion at 2; see also *id*. ("A consular officer, not USCIS, decides whether to issue a visa.") (citing 8 U.S.C. § 1202(h); 22 C.F.R. § 41.121(a)).

---

[2] "Form DS-160 is submitted electronically to the Department of State website via the Internet. Consular Officers use the information entered on the DS-160 to process the visa application and, combined with a personal interview, determine an applicant's eligibility for a nonimmigrant visa." https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/forms/ds-160-online-nonimmigrant-visa-application.html (last accessed September 12, 2025).

On March 5, 2024, a special agent with the U.S. State Department's Diplomatic Security Service informed Liu's counsel that Liu was under criminal investigation for alleged immigration fraud related to her EB-3 Green Card application and warned that an indictment against Liu was imminent. Complaint at 7; see also *id*. (The special agent "also informed [Liu's counsel] that the alleged fraud stemmed from Ms. Liu's EB-3 Green Card application, and that was the reason for the delay in visa processing.").[3] Liu contends that she unaware that Oxbridge Immigration was engaged in fraudulent activity. *Id*. at 6.

On May 31, 2024, following a request to Liu for a follow-up interview, a consular officer from the U.S. Embassy in Beijing reinterviewed Liu. *Id*. at 7-8. The officer questioned Liu regarding "her previous immigration related filings with USCIS and DOL [and] the extent of her contact and communication with Attorney Jiang, and the extent of financial transactions with Oxbridge and Attorney Jiang." *Id*. at 8;

---

[3] On March 19, 2024, an indictment was filed in the United States District Court for the Southern District of New York against Jiang and Yu Cao ("Cao") for Conspiracy to Commit Immigration Fraud and Aggravated Identity Theft. *See* Complaint at 6-7; see also *U.S. v. Jiang, et al.*, No. 1:24-CR-0158-PKC (S.D.N.Y.), Indictment (docket entry 2) ¶ 2 ("It was a part and an object of the conspiracy that . . . the defendants, and others known and unknown, willfully and knowingly did utter, use and attempt to use, possess, obtain, accept, and receive visas, . . . and other documents prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, knowing them to be forged, counterfeited, altered, and falsely made, and to have been procured by means of false claims and statements . . . ."). On October 2, 2024, Cao pleaded guilty to Conspiracy to Commit Immigration Fraud. See *U.S. v. Jiang, et al.*, Docket Sheet. The criminal proceedings against Jiang continue. *Id*.

see also *id*. at 7.  The consular officer then informed Liu that her visa application remained refused and that a finding of inadmissibility was entered against her under INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i), for attempting to obtain admission to the United States by fraud or by willfully misrepresenting a material fact in order to seek to procure a visa.[4]  Motion at 2; Visa Denial Worksheet, *attached to* Complaint as Exhibit B ("This office regrets to inform you that your visa application is refused because you have been found ineligible to receive a visa . . . ."). As a result, Liu complains that she "has been permanently banned from [the United States] without due process."  Complaint at 2.

Liu alleges that, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, the inadmissibility decision "made by Defendants DHS and USCIS" was both "arbitrary and capricious and not supported by substantial evidence in the record" and made without observance of procedure required by law.  *Id*. at 11-12. Liu further contends that "[t]he lack of notice and the opportunity to respond to the allegations against her before the inadmissibility determination was made violated her rights to due process" under the Fifth Amendment to the U.S. Constitution.  *Id*.

---

[4] Title 8 U.S.C. § 1182(a)(6)(C)(i) provides that a foreign national who "by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible."

at 12-13. Liu seeks declaratory, injunctive, and monetary relief, the latter including costs and attorney's fees. See *id*. at 13-14.

The defendants argue that Liu lacks standing to bring this lawsuit, and that as a result the court lacks subject matter jurisdiction. Motion at 4-6. Specifically, the defendants assert that Liu has suffered no injuries that are fairly traceable to the challenged actions of the defendants. *Id*. at 5-6; *see also* Defendants' Reply Brief in Support of Their Motion to Dismiss Plaintiff's Second Amended Complaint ("Reply") (docket entry 25) at 1-6. Additionally, the defendants argue that the doctrine of consular non-reviewability precludes judicial review over admissibility determinations made by Executive Branch officials, and that Liu failed to state a viable due process claim. Motion at 7-13; Reply at 6-11.

## II.  ANALYSIS

### A.  Rule 12(b)(1) Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. See *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994); *Owen Equipment and Erection Company v. Kroger*, 437 U.S. 365, 374 (1978). A federal court may exercise jurisdiction over cases only as expressly provided by the Constitution and laws of the United States. *See* U.S. CONST. art. III §§ 1-2; see also *Kokkonen*, 511 U.S. at 377. Federal law gives the federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.

§ 1331. Moreover, a party seeking relief in a federal district court bears the burden of establishing the subject matter jurisdiction of that court. *United States v. Hays*, 515 U.S. 737, 743 (1995); *McNutt v. General Motors Acceptance Corporation of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *Langley v. Jackson State University*, 14 F.3d 1070, 1073 (5th Cir.), *cert. denied*, 513 U.S. 811 (1994).

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter. *See* FED. R. CIV. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); see also *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted). On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weight the evidence and satisfy itself as to the existence of its power to hear the case.'" *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992). Once jurisdiction is challenged, the burden rests on the party seeking to invoke the court's jurisdiction to

prove that jurisdiction is proper. *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 516 U.S. 1071 (1996).

Because the question of standing is an issue of subject matter jurisdiction, a party may contest standing through a Rule 12(b)(1) motion to dismiss. See *Little v. Texas Attorney General*, No. 3:14-CV-3089-D, 2015 WL 5613321, at *2 n.5 (N.D. Tex. Sept. 24, 2015) (Fitzwater, J.) (citations omitted), *aff'd sub nom.*, 655 Fed. Appx. 1027 (5th Cir. 2016) (per curiam).  The "irreducible constitutional minimum of standing" has three elements, and the party invoking federal jurisdiction bears the burden of establishing each element.  See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).  To establish standing under Article III then, a plaintiff must satisfy, at minimum, three constitutional requirements:  "injury in fact, a 'fairly traceable' causal link between that injury and the defendant's conduct, and the likelihood that the injury will be 'redressed by a favorable decision.'"  *Cadle Company v. Neubauer*, 562 F.3d 369, 371 (5th Cir. 2009) (citing *Lujan*, 504 U.S. at 560-61).

A Rule 12(b)(1) motion on standing grounds can either facially or factually challenge the complaint.  See *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); see also *Rapid Tox Screen LLC v. Cigna Healthcare of Texas Inc.*, No. 3:15-CV-3632-B, 2017 WL 3658841, at *3 (N.D. Tex. Aug. 24, 2017) (Boyle, J.).  A party mounts a facial challenge when it files a 12(b)(1) motion without providing evidence. *MacKenzie v. Castro*, No. 3:15-CV-0752-D, 2016 WL 3906084, at *2 (N.D. Tex.

July 19, 2016) (Fitzwater, J.).  A party mounts a factual challenge, by contrast, when it provides evidence to support its motion to dismiss.  *Id.*  In either instance, whether the challenge is facial or factual, the burden of proof remains on the party asserting jurisdiction.  See *id.* (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam), *cert. denied*, 536 U.S. 960 (2002)).  Moreover, while the burden is on the party seeking to invoke the federal court's subject matter jurisdiction to establish the requisite standing requirements, that burden need be met only by a preponderance of the evidence.  See *Hartford Insurance Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (per curiam).

In this case, the defendants filed their Rule 12(b)(1) motion but failed to produce any additional evidence to transform their challenge from facial to factual.  Therefore, as the Fifth Circuit concluded in *Paterson*, "[s]ince here we have only a 'facial attack' and not a 'factual attack,' [the court's] review is limited to whether the [Second Amended] [C]omplaint is sufficient to allege the jurisdiction." *Paterson*, 644 F.2d at 523.  If the allegations in the complaint, presumed true, sufficiently allege a claim for relief, then the complaint stands and the court must entertain the suit.  See *Rapid Tox Screen*, 2017 WL 3658841, at *3 (citing *Paterson*, 644 F.2d at 523); see also *Crowder v. Village of Kaufman, Ltd.*, 3:09-CV-2181-M, 2010 WL 2710601, at *1 (N.D. Tex. July 7, 2010) (Lynn, J.) ("A 12(b)(1) motion that challenges standing based on

- 9 -

the pleadings is considered a facial attack, and the court reviews only the sufficiency of the allegations in the pleading, presuming them to be true.").

B. Application

Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. A "plaintiff has standing only if" her injury is "fairly traceable to the defendant's allegedly unlawful conduct." *California v. Texas*, 593 U.S. 659, 668-69 (2021); see also *Lujan*, 504 U.S. at 560. The defendants assert that Liu lacks standing as she fails to allege an injury fairly traceable to any unlawful conduct on their part, and that Liu's "bare allegations" are insufficient to establish the requisite traceability, thereby depriving Liu of standing and this court of jurisdiction. Motion at 5-6; see also *id*. at 5 ("[T]here is no dispute that a consular officer at the U.S. Embassy in Beijing – not DHS – refused Liu's visa application.") (citing Complaint ¶¶ 23-24, 44, 46, 49; Visa Denial Worksheet); Reply at 1-2.

Liu alleges that "[i]t is Defendants, not the State Department, that have acted unlawfully." Plaintiff's Opposition to Defendants' Motion to Dismiss and Brief in Support ("Response") (docket entry 24) at 10. Liu maintains that she has "endured significant harm due to the *Defendants*' unlawful inadmissibility determination[,] Complaint at 9 (emphasis added), and "[t]he injury at issue is not the visa denial, but

- 10 -

Defendants' unlawful dissemination of derogatory information[,]" Response at 10. That is, Liu asserts that the "fraud determination, and the subsequent dissemination of the derogatory information, are the basis of her injury – independent of any consular decision."  Response at 12; see also *id.* at 11.  Liu contends that DHS and USCIS made the finding of inadmissibility "within the United States, without notice or the opportunity to be heard" and seeks judicial review of the "DHS/USCIS" decision.  *See* Complaint at 11-12; Response at 12.

Liu merely speculates, but offers no proof to show, that her "injuries stem from Defendants' dissemination of its inadmissibility finding to federal prosecutors and the State Department[.]"  Response at 11.  Liu hypothesizes that "[s]ometime between May 2019 and July 2024, . . . DHS[], through its agencies and officers (collectively, "Defendants"), determined that . . . Liu[] was inadmissible to the United States based on allegations of immigration fraud. . . .  DHS then published and disseminated the information to other federal agencies, including the Department of State and the Department of Justice.  This dissemination resulted in the initiation of a criminal investigation against Ms. Liu and the denial of her H-1B visa."  Complaint at 1; see also *id*. at 9 ("Upon information and belief, DHS published and disseminated the inadmissibility determination to third-party agencies and officers, namely the State Department's Diplomatic Security Service and other agents within the Department of Justice [which] led to a criminal investigation being

- 11 -

opened against Ms. Liu by the Department of Justice and the denial of her visa application by a consular officer."). Liu admits that she "does not know which DHS office or employee rendered the inadmissibility determination." *Id*. at 8.

On March 18, 2024, Liu filed a request under the Freedom of Information Act ("FOIA") with USCIS "to obtain documents and information that may shed light on her immigration situation." *Id*. at 9. Liu simply asserts that while USCIS has provided a "portion" of Liu's immigration file after the filing of her second amended complaint on September 4, 2024, it has not produced documentation related to Liu's EB-3 Green Card application.[5] Response at 3 n.1. As a result, Liu complains that "USCIS's failure to respond to Ms. Liu's FOIA request leaves her without access to the records that would further substantiate her claims . . . ." *Id*. at 7. The defendants argue that "[i]f Liu disagrees with the scope of USCIS's FOIA production, she has the right to administratively appeal the FOIA determination, which she has not done." Reply at 5; *see also* 5 U.S.C. § 552(a)(6)(A). The court agrees. Liu has failed to provide evidence that she appealed that FOIA determination or sued USCIS under FOIA, seeking to compel disclosure of all records related to her request.

Liu argues that "the Court can reasonably *infer* that DHS made the admissibility determination and disseminated the derogatory information to other

---

[5] Neither Liu's FOIA request nor documents USCIS produced in response to that request are in evidence.

federal agencies." *See* Response at 6 (emphasis added).  Liu, however, has not demonstrated an irreducible constitutional minimum of standing as her bare assertions are insufficient to establish the requisite traceability.  As the party with the burden of proof, Liu has not shown that she has standing to bring this suit, and thus that the court has subject matter jurisdiction over this case.  Because Liu has the burden of proving, by a preponderance of the evidence, that this court has subject matter jurisdiction over her claims and has not done so, the court finds that Liu has not met the requirements for Article III standing.  Accordingly, the government's motion to dismiss Liu's claims is granted.  *See* FED. R. CIV. P. 12(h)(3).

### III.  CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss for lack of subject matter jurisdiction is **GRANTED**.  A judgment of dismissal without prejudice will be entered separately.

The plaintiff's request for leave to amend her complaint is **DENIED**.

**SO ORDERED**.

September 26, 2025.

_____
**A. JOE FISH**
**Senior United States District Judge**